UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD, et al., <br><br>   Plaintiff, <br> v. <br> HANDA PHARMACEUTICALS, LLC, et al., <br><br>   Defendant. | Case No.: 11-00840 JCS <br><br> Related Cases: C-11-01609, C-11-01610 <br><br> **ORDER RE TAKEDA'S REQUEST FOR RULE 54(b)  JUDGMENT** <br><br> **Docket No. 281** |
| TAKEDA PHARMACEUTICAL CO., LTD., et al., <br><br>   Plaintiff, <br> v. <br> ANCHEN PHARMACEUTICALS, INC., AND TWI PHARMACEUTICALS, INC., <br><br>   Defendants. | |
| TAKEDA PHARMACEUTICAL CO., LTD., ET AL., <br><br>   Plaintiffs, <br> v. <br> IMPAX LABORATORIES, INC., <br><br>   Defendant. | |

On April 18, 2013, Takeda filed a Motion For Leave To File A Motion For Reconsideration Of Takeda's Motion For Leave To Amend Its Infringement Contentions To Assert Infringement Under The Doctrine Of Equivalents; Or In The Alternative, For Judgment Of Noninfringement Of U.S. Patent No. 7,790,755 Under Fed. R. Civ. P. 54(b) ("the Motion"). On April 22, 2013, the Court denied Takeda's request for leave to file a motion for reconsideration of the Court's prior order denying Takeda's motion to amend its infringement contentions. The Court reserved the question of whether it should grant Takeda's request that the Court, in the alternative, enter immediate judgment of noninfringement under Rule 54(b) of the Federal Rules of Civil Procedure. Defendants have submitted an opposition brief on that question. The Court now DENIES Takeda's request.

Rule 54(b) provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). To determine whether entry of judgment under Rule 54(b) is appropriate, the Court first asks whether one or more claims has been finally resolved. *Curtiss-Wright Corp. v. Gen Elec. Co.*, 446 U.S. 1, 7 (1980). If it has, the Court then addresses whether there is any "just reason for delay" in entering final judgment. *Id.* at 8. In *Curtiss-Wright*, the Supreme Court explained that in making this determination, the court acts like a "dispatcher;" it must decide "the 'appropriate time' when each final decision . . . is ready for appeal," exercising its discretion in the interest of "sound judicial administration." *Id*. (citations omitted). The disctrict court also must take into consideration the equities involved. *Id*.

2

1    Here, the court's determination that the '755 Patent has not been infringed is a final
2    decision. Thus, entry of final judgment of noninfringment is appropriate under Rule 54(b) if the
3    Court finds that there is "no just reason for delay." The Court finds that this standard is not met.
4    Given that trial on the remaining claims is imminent (approximately one month away), the
5    equities do not strongly support entry of a final judgment of noninfringement of the '755 Patent
6    under Rule 54(b). Nor has Takeda demonstrated that a separate judgment of noninfringement of
7    the '755 Patent will "streamline the ensuing litigation." *See Hildes v. Andersen*, 2010 WL
8    4658742, at *1 (S.D. Cal. Nov. 8, 2010). Moreover, if the Court grants Takeda's request for entry
9    of final judgment of noninfringmenet of the '755 Patent, the Federal Circuit will be required to
10   familiarize itself with the same technologies and products in separate actions. Such piecemeal
11   litigation is disfavored and is not in the interest of judicial efficiency. *W.L. Gore & Associates,*
12   *Inc. v. International Medical Prosthetics Research Associates*, 975 F.2d 858, 861 (Fed. Cir.
13   1992) ("[a]ppellate courts have historically disfavored piecemeal litigation and permitted appeals
14   from complete and final judgments only").

15   Accordingly, the Court DENIES Takeda's request for entry of judgment under Rule 54(b).

17   IT IS SO ORDERED.

19   Dated: April 30, 2013

_____
Joseph C. Spero
United States Magistrate Judge